# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1807 | **DATE** | 4/9/08 |
| **CASE TITLE** | Paul Smith # B52357 v. Nance | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3&4] is granted. However, the complaint is dismissed for lack of jurisdiction. The case is terminated. The court authorizes Menard Correctional Center officials to deduct $1.20 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Supervisor of Inmate Trust Fund Accounts,    Menard Correctional Center.

■[ For further details see text below.]                                                      Docketing to mail notices.

## STATEMENT

Plaintiff, currently confined at the Menard Correctional Center, has filed a complaint in this court against his defense attorney Timothy Nance, alleging that Plaintiff retained Mr. Nance to represent Plaintiff in state court criminal proceedings, and that defendant's ineffective assistance of counsel led to the Plaintiff's conviction.

The court finds that Plaintiff is unable to prepay the filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $1.20. The court authorizes the supervisor of inmate trust accounts at Menard Correctional Center to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Menard Correctional Center trust account office shall notify correctional authorities of any other state correctional center of any outstanding balance owed pursuant to this order in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

| | Courtroom Deputy Initials: | ste |
|---|---|---|

**STATEMENT**

However, even accepting plaintiff's factual allegations as true and liberally construing his *pro se* complaint, the court finds that, because plaintiff's claims do not arise under federal law, this court is without jurisdiction to address them.

This court can discern no basis for these claims in federal court. Plaintiff's claim of malpractice does not state a claim under federal law such that a federal court has jurisdiction under 28 U.S.C. § 1331. To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a Defendant must have both acted under color of state law and violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In this case, Plaintiff is not suing a state official; rather, he is suing a private attorney. Defense attorneys privately retained are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983). Because it was against a private party, there is no state action under this claim; *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994); *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir.1991); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). Lastly, because Plaintiff and Defendant are both citizens of Illinois, federal diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(b). Even though Plaintiff is currently housed at Menard Correctional Center, his home residence is in Chicago, and the Defendant resides in Palos Hills, Il. A forcible change in a person's state of residence, caused by his incarceration, does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison. *Sullivan v. Freeman*, 944 F. 2d 334, 337 (7th Cir. 1991). Both parties are therefore residents of the Northern District of Illinois. Thus, even if plaintiff's allegations against his attorney are true, they are not actionable in federal court under diversity jurisdiction. In addition, state prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475 (1973). But to do so, they must first exhaust state court remedies. Plaintiff has failed to state that he has done so and further, has chosen to bring this action as a Section 1983 case and not a habeas corpus case. Finally, if Plaintiff wants to pursue his claims, and not bring a habeas corpus action, but rather a malpractice action, which is what he appears to do in this case, then he must do so in state court and not in federal court.

For the foregoing reasons, this suit is dismissed. Dismissal is without prejudice to pursuing any avenues of relief that may be available in state court. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be frivolous, Plaintiff may accumulate a "strike" under 28 U.S.C. § 1915(g). If Plaintiff accumulates three "strikes" under § 1915(g), he will not be able to file an action in federal district court or appellate court without the prepayment of the filing fee.